IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KOKOU KODJO,

    Plaintiff,

v.                                         C.A. NO.: 3:17-cv-71

R&B 2ND RETAIL, LLC; and,
BEKELE A. TILAHUN

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KOKOU KODJO, by and through his undersigned counsel, hereby sues the Defendants, R&B 2ND RETAIL, LLC, and BEKELE A. TILAHUN (hereinafter sometimes referred to collectively as Defendants"), and in support thereof states as follows:

1. Plaintiff brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2. Plaintiff is an individual residing in Dallas, Texas.

3. Defendants, R&B 2ND RETAIL, LLC, and TOE FAMILY ENTERPRISE, LLC, are corporations formed and existing under the laws of the State of Texas, which maintain and operate offices in Dallas, Texas.

4. Defendants, R&B 2ND RETAIL, LLC, is an enterprise engaged in interstate commerce, employs 2 or more persons and has annual sales or business done in excess of $500,000.00 per year.

5. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

6. Defendant, BEKELE A. TILAHUN, is the managing member of Defendant, R&B 2ND RETAIL, LLC.

7. At all times relevant to this claim, Defendant, BEKELE A. TILAHUN, acted directly or indirectly in the interest of Defendant, R&B 2ND RETAIL, LLC, in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant, BEKELE A. TILAHUN, was the employer of the Plaintiff as defined by 29 U.S.C. §203(d).

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).

9. Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Plaintiff processed credit cards as part of his regular and recurring duties.

10. Venue is proper in this district under 28 U.S.C. § 1391.

11. The Plaintiff was employed by the Defendants for from October 2, 2015, and December 17, 2015, a "cashier."

12. Plaintiff was paid an hourly rate of $11.00 per hour.

13. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff has worked in excess of forty (40) hours (overtime hours).

14. Plaintiff has worked a total of 206.59 overtime hours for Defendants for which he has not been compensated.

15. During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants have failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.

16. Defendants owe the Plaintiff $1,136.25 in unpaid overtime wages.

17. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

18. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

19. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

20. Plaintiff also seeks compensation of the out of pocket expenses and costs of court he will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgement against Defendants, jointly and severally, for the following:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. Awarding Plaintiff him compensatory damages, service awards, liquidated damages, attorneys' fees and litigation expenses as provided by law;

3. Awarding Plaintiff him pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded; and,

4. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on August 16, 2016.

        Respectfully submitted,

        **ROSS LAW GROUP**

        */s/ Charles L. Scalise*

        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        *Attorney-in-Charge*
        **DANIEL B. ROSS**
        Texas Bar No. 00789810

        MAILING ADDRESS:
        **1104 San Antonio Street**
        **Austin, Texas 78701**
        Telephone: (512) 474-7677
        Facsimile: (512) 474-5306
        Email: Charles@RossLawGroup.com

        Steven R. Samples
        Texas Bar No. 24086348
        Samples Ames PLLC
        1512 Crescent Drive, Suite 119
        Carrollton, Texas 75006
        Phone: (214) 308-6505
        Fax: (855) 605-1505
        **ATTORNEYS FOR PLAINTIFF**